Gary Philip SMITH, Plaintiff–
Appellant,

v.

COMMONWEALTH LAND TITLE IN-
SURANCE COMPANY; Bank of
America, N.A.; Fannie Mae; Olympus
Servicing, L.P.; and Fairbanks Capi-
tal Corporation, Defendants–Appel-
lants,

RBC Mortgage; Frank Granack; Martin K. Collins; Clarence Lee Byrd, Jr.; Byrd Appraisal Services; Albert Royal Taylor II; Royal Investment Group, Inc.; Jay S. White; Kenneth Solomon; King and Associates, P.C.; Develyn Michelle Smith; Platinum United, Inc.; Perrie & Cole, LLC; InterBay Funding LLC; Bayview Loan Servicing; Jenny Tidwell, Defendants.

No. 06–3017–cv.

United States Court of Appeals, Second Circuit.

July 2, 2007.

Gary Philips Smith, pro se, New York, NY, for Appellant.

B. Ted Howles, McDermott Will & Emery, LLP, New York, NY, for Defendant–Appellee Commonwealth Land Title Insurance Company.

Barry Glickman, Zeichner Ellman & Krause LLP, New York, NY, for Defendant–Appellee Bank of America, NA.

Joshua C. Klein, Duval & Stachenfeld LLP, New York, NY, for Defendant–Appellees Fannie Mae, Olympus Servicing, L.P., and Fairbanks Capital Corporation.

PRESENT: RALPH K. WINTER,
JOSÉ A. CABRANES, REENA RAGGI,
Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Gary Philip Smith appeals *pro se* from a March 23, 2006 order of the District Court, *Smith v. RBC Mortgage et al.*, No. 04 Civ. 9282, 2006 WL 752768, which granted defendants' motion to dismiss plaintiff's claims under federal law for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Plaintiff initially filed a complaint against various defendants pursuant to, *inter alia,* the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; 42 U.S.C. §§ 1983, 1985, and 1986; 15 U.S.C. § 1601; and 12 U.S.C. § 2605, alleging that defendants had conspired to violate various federal rights, and that defendants also violated New York State law by engaging in, *inter alia,* unfair and deceptive business practices, fraud, and negligence. We assume the parties' familiarity with the facts and the procedural history of the case.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6). *See, e.g., Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998).

Upon a review of the record and the relevant law, we do not detect any error in the District Court's March 23, 2006 order. Because the District Court specifically found that plaintiff had failed to state a federal cause of action, the dismissal of Smith's federal law claims was appropriate.

Plaintiff also appeals from an April 7, 2006 order of the District Court, 2006 WL 903235, dismissing the remaining state law claims for lack of diversity jurisdiction. *See* 28 U.S.C. § 1332. After dismissing the federal claims, the District Court ordered petitioner to file an amended complaint setting forth "solely facts sufficient to establish the citizenship of each party." Petitioner filed an amended complaint

which, the District Court found, failed to address whether diversity jurisdiction could be established. Because plaintiff failed amend his complaint as directed in order to establish the existence of diversity of citizenship, we find no error in the District Court's dismissal of the remaining claims.

Accordingly, we **AFFIRM** the judgment of the District Court, substantially for the reasons stated by Judge Kaplan in his Orders of March 23, 2006 and April 7, 2006.